UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MENDOZA,

    Plaintiff,

v.

MV TRANSPORTATION, INC.,

    Defendant.

Case No. 16-cv-04005-TEH

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT**

Currently pending before the Court in this disability discrimination case are Defendant MV Transportation, Inc.'s motion for summary judgment and Plaintiff Michael Mendoza's motion for partial summary judgment.

The following facts are undisputed: MV Transportation, Inc. hired Michael Mendoza as a bus driver in training but terminated him, before training was completed, for failing to pass a physical. Mendoza has Type 2 diabetes, which he controls by giving himself insulin shots several times a day. Under federal Department of Transportation ("DOT") regulations, a person with an "established medical history or clinical diagnosis of diabetes mellitus currently requiring insulin for control" is not qualified to drive commercial motor vehicles. 49 C.F.R. § 391.41(b)(3). However, individuals with diabetes who wish to drive commercial vehicles may do so if they obtain an exemption through the Federal Motor Carrier Safety Administration's Federal Diabetes Exemption Program. Mendoza has never sought or obtained such an exemption.

It is further undisputed that: California has adopted the medical requirements in the DOT regulations as the "minimum medical requirements" for receiving a California commercial driver license ("CDL"). Cal. Code Regs. tit. 13, § 28.18. An individual who does not meet these medical requirements but who seeks a CDL "for purposes other than engaging in interstate commerce, may submit a completed medical examination form to the department [of motor vehicles] for consideration of obtaining a state approved medical

certificate." Cal. Code Regs. tit. 13, § 28.19.  Mendoza applied for and obtained a California permit to drive commercial vehicles.  As part of the application process, he completed a medical examination and obtained a certificate stating that the medical examiner "examined Mendoza, Michael E. in accordance with the Federal Motor Carrier Safety Regulations (49 CFR 391.41-391.49) and with knowledge of the driving duties, I find this person is qualified, and, if applicable, only when . . . accompanied by a Diabetes waiver/exemption." Ex.3 to Rogers Decl. at MENDOZA 000010 (ECF No. 31).[1]

Mendoza contends that this medical certificate is the "state approved medical certificate" that allows him to drive intrastate pursuant to California Code of Regulations title 13, section 28.19, and that he did not need a federal DOT waiver because the job for which he was hired did not involve interstate commerce.  On its face, however, the certificate states that Mendoza is qualified to drive only when accompanied by a diabetes waiver or exemption, and Mendoza testified at his deposition that he does not have any such waiver or exemption from any state or federal agency.  Mendoza Dep. at 208:14-22 (Ex. A to Wenter Decl. (ECF No. 33-3)).  Without such a waiver, the certificate on which Mendoza relies does not qualify him to drive commercial vehicles.

Mendoza also testified at his deposition that he spoke with a person, whose name he does not recall, at his local California Department of Motor Vehicles ("DMV") office who told him that he would not have gotten a permit if he did not have the necessary medical paperwork on file. *Id.* at 157:3-158:14.  Mendoza further testified that the DMV representative told him that the representative could not provide a copy of the paperwork because it was on file in Sacramento. *Id.* at 154:14-16.  These statements are hearsay to the extent they are offered as evidence that Mendoza had a diabetes waiver or exemption.  Moreover, MV subpoenaed Mendoza's DMV file during the course of this litigation, and –

---

[1] The cited version of the medical examiner's certificate was notarized after the fact and produced by Mendoza during discovery.  MV produced an un-notarized version of the certificate at D00146.  Ex. 4 to Otten Declaration (ECF No. 33-5).  Aside from the notarization, the two versions of the document are identical, and the parties do not dispute its content.

2

as Mendoza does not dispute – that file contains no diabetes waiver or exemption. Wenter Reply Decl. ¶ 5 & Exs. D & E (ECF No. 38-2).

Based on the evidence presented, no reasonable juror could conclude that Mendoza had a state medical certificate finding him qualified to drive commercial vehicles in the absence of a diabetes waiver or exemption. Thus, even if Mendoza is correct that he did not require a DOT exemption and only required a state approved medical certificate to be qualified to drive for MV, there is no triable issue of fact as to his qualifications. Mendoza does not argue that he can prevail on his claims without being qualified to drive commercial vehicles, and granting summary judgment to MV therefore appears to be appropriate. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

However, out of an abundance of caution, the Court will provide Mendoza with one final opportunity to present evidence that he had a medical certificate finding him qualified to drive commercial vehicles even without a diabetes waiver or exemption, or evidence that he actually obtained such a waiver or exemption. Any such evidence shall be filed on or before **June 8, 2017**. If no evidence is timely submitted, the Court will grant MV's motion for summary judgment and deny Mendoza's motion for partial summary judgment for the reasons stated in this order.

The Court finds the pending motions suitable for resolution without oral argument. However, if either party files a request for a hearing on or before **June 9, 2017**, then the Court will hear argument on **June 26, 2017, at 10:00 AM**; otherwise, the matter will be deemed submitted on the papers. The June 12, 2017 hearing is VACATED.

**IT IS SO ORDERED.**

Dated:  06/01/17

_____
THELTON E. HENDERSON
United States District Judge

3