| | |
|---|---|
| MICHAEL MENDOZA,<br><br>    Plaintiff,<br><br>v.<br><br>MV TRANSPORTATION, INC.,<br><br>    Defendant. | Case No. 16-cv-04005-TEH<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

This matter came before the Court on June 26, 2017, on Defendant MV Transportation, Inc.'s motion for summary judgment and Plaintiff Michael Mendoza's motion for partial summary judgment.

Prior to the hearing, the Court issued an order that examined the evidence and concluded that:

> Based on the evidence presented, no reasonable juror could conclude that Mendoza had a state medical certificate finding him qualified to drive commercial vehicles in the absence of a diabetes waiver or exemption. Thus, even if Mendoza is correct that he did not require a DOT exemption and only required a state approved medical certificate to be qualified to drive for MV, there is no triable issue of fact as to his qualifications. Mendoza does not argue that he can prevail on his claims without being qualified to drive commercial vehicles, and granting summary judgment to MV therefore appears to be appropriate. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
>
> However, out of an abundance of caution, the Court will provide Mendoza with one final opportunity to present evidence that he had a medical certificate finding him qualified to drive commercial vehicles even without a diabetes waiver or exemption, or evidence that he actually obtained such a waiver or exemption.

ECF No. 43 at 3.

In response, Mendoza submitted neither type of evidence. Instead, he presented a copy of one page from the California Commercial Driver Handbook. At oral argument,

counsel did not explain how this page helps Mendoza's case, but Mendoza appears to rely on it for the proposition that he should have been considered an intrastate, rather than interstate, driver, and that he therefore did not need to get a federal Department of Transportation diabetes waiver. However, even if Mendoza were an intrastate driver, the handbook page he submitted would require him to "certify that . . . I am subject to and meet the medical requirements for my state; and that I am required to obtain a medical examiner's certificate." Ex. 1 to 2d Suppl. Rogers Decl. at 1-10 (ECF No. 44).

There is no dispute that Mendoza obtained a medical examiner's certificate that found him qualified to drive "only when . . . accompanied by a diabetes waiver/exemption." Ex. 3 to Rogers Decl. at MENDOZA 000010 (ECF No. 31). Mendoza contends that the medical examiner's report states that Mendoza is qualified to drive and therefore constitutes the required waiver or exemption, but the report – like the certificate – states that Mendoza is "ONLY QUALIFIED WHEN . . . Accompanied by a diabetes waiver/exemption. Driver must present exemption at time of certification." *Id.* at MENDOZA 000015. Thus, contrary to Mendoza's assertions, the examiner's report does not state that Mendoza is qualified to drive without a waiver or exemption. Nor can the report alone be the waiver or exemption, as it would be nonsensical to discuss a document "accompanying" itself.

Even after being given an opportunity to supplement the record, Mendoza has failed to present any evidence that he is qualified to drive commercial vehicles. The evidence shows only that Mendoza was found qualified to drive if he had a diabetes waiver or exemption. As explained in the Court's prior order, "Mendoza testified at his deposition that he does not have any such waiver or exemption from any state or federal agency. Mendoza Dep. at 208:14-22 (Ex. A to Wenter Decl. (ECF No. 33-3))." ECF No. 43 at 2. Accordingly, there is no dispute over Mendoza's qualifications to drive commercial vehicles, and the Court again concludes that no reasonable juror could find that Mendoza was so qualified.

For the reasons discussed above and in the Court's June 1, 2017 order, MV Transportation, Inc.'s motion for summary judgment is GRANTED, and Mendoza's motion for partial summary judgment is DENIED. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 07/12/17

_____
THELTON E. HENDERSON
United States District Judge